IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CIVIL NO. 07-00582 JMS/BMK |
| | ) | CR. NO. 04-00145 JMS |
| Plaintiff, | ) | |
| | ) | ORDER DENYING MOTION FOR |
| vs. | ) | RECONSIDERATION OF ORDER |
| | ) | DENYING WRIT OF HABEAS |
| JEFFREY L.K. GRAY, | ) | CORPUS |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## ORDER DENYING MOTION FOR RECONSIDERATION OF ORDER DENYING WRIT OF HABEAS CORPUS

### I. INTRODUCTION

On November 21, 2007, Defendant Jeffrey L.K. Gray ("Gray") filed a pro se "Emergency Motion for Writ of Habeas Corpus to Review Bureau of Prison Calculation of Defendant's Sentence with Respect to Credit for Time Served." After construing the motion as a writ of habeas corpus brought under 28 U.S.C. § 2241, and after having considered briefing by the parties, the court denied the motion by Order dated March 5, 2008. Gray now moves for a reconsideration of the March 5, 2008 Order ("Motion for Reconsideration"), requesting the court to consider the Federal Bureau of Prison's Sentence Computation Manual, Program Statement 5880.28 (1997) ("Program Statement 5880.28(c)"). After careful consideration, the court DENIES the Motion for Reconsideration.

## II.  **STANDARD OF REVIEW**

Motions for reconsideration are brought under either Rule 59(e) or 60(b) of the Federal Rules of Civil Procedure.[1]  Whether the court construes the motion as filed under Rule 59(e) or Rule 60(b) depends upon the timing of the filing.  *Am. Ironworks & Erectors Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001).  A "motion for reconsideration" filed within ten days of entry of judgment is considered under Rule 59(e); a later-filed motion is considered under Rule 60(b).  *Id.*  Because Gray filed his Motion for Reconsideration within ten days of judgment, the court analyzes his motion pursuant to Rule 59(e).

Under Rule 59(e), "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law.  There may also be other, highly unusual, circumstances warranting reconsideration."  *Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citation omitted); *see also*

---

[1] A motion for reconsideration of an interlocutory order may be brought under Local Rule 60.1.  Because judgment was entered in Civil No. 07-00582 JMS/BMK on March 5, 2008, the Motion for Reconsideration could only be brought pursuant to Federal Rule of Civil Procedure 59(e) or 60(b).

*Circuit City Stores, Inc. v. Mantor*, 417 F.3d 1060, 1063-64 n.1 (9th Cir. 2005)*; In re Syncor ERISA Lit.*, --- F.3d ----, 2008 WL 427763 (9th Cir. Feb. 19, 2008).

### III.  ANALYSIS

Because the parties are familiar with the facts and procedural history of this case, they will not be repeated here.

In his Motion for Reconsideration, Gray claims that the Bureau of Prisons failed to follow its own policy in denying him credit for time served. Program Statement 5880.28(c), discussing credit for time served, cites 18 U.S.C. § 3585(b), and then states that "[t]ime spent in non-federal presentence custody from the date of the federal offense, that does not overlap any other authorized prior custody time credits, to the date the first sentence begins to run, federal or non-federal, is qualified non-federal presentence time."  Program Statement 5880.28 at 1-14, 1-14A (emphasis deleted).  Gray appears to argue that this provision entitles him to credit for time that he spent in state custody, even though he was given credit for this time on his state sentences.

The court rejects this construction.  Even if applicable to Gray, the provision applies solely to time spent in custody that "does not overlap any other authorized prior custody time credits."  This provision is consistent with 18 U.S.C. § 3585 (which was discussed in length in the court's March 5, 2008 Order):

> (b) A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
>
>> (1) as a result of the offense for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

*See also United States v. Wilson*, 503 U.S. 329, 337 (1992) (In enacting § 3585(b), "Congress made clear that a defendant could not receive a double credit for his detention time."); *United States v. Dennis*, 926 F.2d 768, 770 (8th Cir. 1991) ("A defendant is entitled to credit for time spent in official detention only if it has not been credited against another sentence.").

> Program Statement 5880.28 further explains that:
>
> Prior custody time credit shall be applied in the following manner for the following situations:
>
>> (a)  Credit related to 18 U.S.C. § 3585(b)(1).
>>
>>> 1.  Credit will be given for time spent in official detention as a direct result of the federal offense for which the federal sentence was imposed (and not as a result of a writ from another jurisdiction), provided it has not been credited against another sentence.

\* \* \* \*

  2.  Credit will not be given for any portion of time spent serving another sentence regardless of whether the sentence is federal, state, or foreign.[2]

\* \* \* \*

(b)  Credit related to 18 U.S.C. § 3585(b)(2).

  1.  Prior Custody Credit will be given for time spent in official detention as the result of any federal, state or foreign arrest which is not related to, yet occurred on or after the date of the federal offense (as shown on the judgment and commitment) for which the [federal] sentence was imposed; provided it has not been credited to another sentence. . . . Relevant prerequisites are:

\* \* \* \*

  b.  The non-related official detention must not have been granted on another sentence.  If it was applied on a state or foreign sentence, then credit is not applicable to the [federal] sentence.

Program Statement 5880.28 at 1-16-17, 1-21-22 (emphasis deleted).

  The Program Statement provides Gray no relief.  Under § 3583(b) and the Program Statement, Gray is not entitled to have his federal sentence credited with the time that was credited by the Hawaii Paroling Authority to his state

---

[2] Exceptions, not applicable here, may apply to this rule.

sentences. In short, his federal sentence began to run on June 21, 2007, the date that he was paroled from his state sentences.

### IV.  CONCLUSION

Gray's Motion for Reconsideration is DENIED.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, March 18, 2008.



/s/ J. Michael Seabright
_____
J. Michael Seabright
United States District Judge

*United States v. Gray*; Civ. No. 07-00582 JMS/BMK, Cr. No. 04-00145 JMS; Order Denying Motion for Reconsideration of Order Denying Writ of Habeas Corpus